IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 01-3480-CIV-LENARD/SIMONTON

PALCO LABS, INC., a California corporation,

    Plaintiff,

v.

VITALCARE GROUP, INC., a Florida corporation, and RAMZI ABULHAJ, individually,

    Defendants.
_____/

### DEFENDANT VITALCARE GROUP, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN AID OF JUDGMENT

Defendant VitalCare Group, Inc. ("VitalCare") by and through its undersigned counsel, hereby responds to the Plaintiff's Supplemental Motion to Compel Production of Documents in Aid of Judgment ("Supplemental Motion"). [1]

As admitted by the Plaintiffs, VitalCare has provided all documents responsive to the Plaintiff's document request dated April 30, 2003. See Supplemental Motion, p.2-3. The only remaining issue is whether Defendants have the right to redact the names of their customers from the produced documents.

#### CUSTOMER NAMES ARE NOT RELEVANT TO MATTERS CURRENTLY BEFORE THE COURT

In the hearing before this Court on June 3, 2004, all the parties and the Court agreed that the only unresolved matter relating to the Plaintiff's various motions to enforce the Court's Final

---

[1] At the June 3, 2004 Status Conference, the Court stated that only VitalCare needed to respond to the Supplemental Motion. See Transcript of Status Conference to discuss briefing on Plaintiff's Omnibus Motion before the Honorable Andrea M. Simonton, United States Magistrate Judge, p.40, l.14-15 (hereinafter cited as "Transcript").

MI-158107 v1 0436180-0201     **Kirkpatrick & Lockhart LLP**

Case No. 01-3480 Civ-Lenard/Simonton

Consent Judgment was the disbursement of the $40,000 currently held in the Court's Registry. See Transcript, p.25, l.24 – p.26, l.22. At the same hearing, the Court indicated that the only pending issues were: (i) entry of an Order regarding disbursement of the remaining funds in the Court Registry; (ii) a response by VitalCare to the supplemental motion to compel; (iii) responses to the motion for contempt, which are dependent upon the Order regarding funds in the Court Registry, and (iv) a resolution of pending attorneys' fees. See Transcript, p.41, l.17 – p.42, l.2.

However, the Supplemental Motion does not involve any of these items. Instead, Palco is seeking information relating to a potential motion for damages that has not been – and may never be – filed. See Transcript, p. 20 l.12 – p. 21, l.2. However, that matter is definitively not before this Court at this time. At the June 3, 2004 status conference, the Court recognized that Palco had not filed a request for damages:

> "Once all of those motions are resolved, if there is a motion for damages resulting from non compliance with Court's Order or other damages, then ***that is a separate motion that will need to be filed.***"

See Transcript, p.42, l.2-5 (emphasis added). Even Palco admits that it has not yet filed any request or demand for damages. See Supplemental Motion, p.4 ("...Palco reserves the right to supplement its Motion for Contempt to request that the Court award Palco damages..."). Thus, it is clear that there is no pending issue before this Court as to the Plaintiff's entitlement to any damages, let alone the measure thereof.

As such, Palco is seeking disclosure of sensitive, confidential trade information that is simply not relevant to any matter pending before this Court. VitalCare respectfully submits that it should not be required to disclose this information until such time as the Court determines that damages are appropriate in this instance.

**Kirkpatrick & Lockhart** LLP

Case No. 01-3480 Civ-Lenard/Simonton

### THE REDACTION IS NOT A VIOLATION OF THE AGREED PROTECTIVE ORDER

Moreover, VitalCare submits that the redaction is not in violation of the Agreed Protective Order. Palco does not – and indeed, cannot – cite to any provision of the Agreed Protective Order that precludes redaction or further protection of confidential materials.[2] The Agree Protective Order sets up one level of protection, but is by no means the absolute or sole mechanism for protection. Therefore, VitalCare's redaction of the documents is not a violation of this Court's order.

### CONCLUSION

For all the foregoing reasons, VitalCare submits that it should not be required to turn over its most sensitive business information at this time.

Dated this 17th day of June, 2004.

        Respectfully submitted,

        KIRKPATRICK & LOCKHART LLP
        Counsel for VitalCare Group, Inc.
        201 So. Biscayne Blvd., Suite 2000
        Miami, Florida 33131
        Telephone:  (305) 539-3300
        Facsimile:   (305) 358-7095

        By: _____
            Jeffrey T. Kucera
            Fla. Bar. No. 0068233

---

[2] Notably, Palco has not argued that customer names are not confidential information or trade secrets deserving of protection.

Case No. 01-3480 Civ-Lenard/Simonton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to James A. Gale, Esq. and Stephanie Alvarez, Esq., Feldman Gale & Weber, P.A., counsel for Plaintiff Palco Labs, Inc., Miami Center, 19th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131; and to Lisa Hogan, Esq., Coffey & Wright, P.A., counsel for Defendant Ramzi Abulhaj and for Non-Party Rick Admani, Grand Bay Plaza, Penthouse 2B, 2665 So. Bayshore Drive, Miami, Florida 33133, this 17th day of June, 2004.

Jeffrey T. Kucera